IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION



DERRICK STRAWTER,

   Petitioner,

v.     CIVIL ACTION NO.: CV213-148

SUZANNE HASTINGS, Warden,

   Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Derrick Strawter ("Strawter"), who is currently incarcerated at the Federal Correctional Institution-Medium in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, to which Strawter filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Strawter was convicted in the Southern District of Florida, after he pleaded guilty, of possession of 50 grams or more or crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); possession of 500 grams of powder cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Strawter was sentenced to 262 months' imprisonment on the drug charges, to be served concurrently, and a consecutive 60-month sentence on the firearm charge. (Doc. No. 4, pp. 1–2).

The Eleventh Circuit Court of Appeals affirmed Strawter's convictions and sentence on direct appeal. (Doc. No. 1, p. 2).

Strawter filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, and asserted that his sentence was unlawfully enhanced based on his status as a career offender. The trial court denied Strawter's motion. (Doc. No. 1, p. 2).

In this petition, Strawter contends that he should not be classified as a career offender because his conviction for lewd and lascivious conduct is not a violent felony under Florida law. Strawter asserts that, if this Court refuses to adjudicate the merits of his claim, a fundamental miscarriage of justice will result. Respondent contends that Strawter's petition should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

2

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Strawter's action is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Strawter states that section 2255 is inadequate or ineffective to challenge the legality of his detention because Congress "overlooked the possibility that new and retroactively statutory decisions could support collateral review;(sic)" a post-conviction clarification in the law renders unlawful the sentencing court's decision; and Stawter's sentence stands a gross miscarriage of justice will occur.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Strawter has not shown that his claims are based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a non-existent offense. Nor has Strawter shown that his claims were foreclosed on a previous occasion. In other words, Strawter has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Because Strawter

3

has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

To the extent Strawter attempts to use Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011), he is not entitled to his requested relief. Section 2255(h) of Title 28 provides an actual innocence exception to bringing a second or successive § 2255 motion; it does not relate in any way to a prisoner's ability to bring a § 2241 petition.[1] Wofford provides the framework by which a prisoner can file a § 2241 petition to attack his conviction or sentence, and Strawter has not met the Wofford test.

In Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332 (11th Cir. 2013), the Eleventh Circuit once again stated that a petitioner seeking to use section 2241 as a replacement for a section 2255 motion must meet the savings clause of section 2255(e). The petitioner in Williams challenged his armed career criminal sentence because he asserted that his predicate convictions were not violent felonies. Williams cited Begay v. United States, 553 U.S. 137 (2008), in support of his position. The Eleventh Circuit determined that, "[a]t the time of Williams's direct appeal and first [28 U.S.C.] § 2255 motion, there was no circuit precedent that foreclosed him from raising the claim that his burglary convictions should not count as violent felonies[.]" Williams,

---

[1] "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255(h).

AO 72A
(Rev. 8/82)

713 F.3d at 1334. The Eleventh Circuit also determined that, considering Williams' circumstances, "his direct appeal and first collateral attack were not inadequate or ineffective to test the legality of his detention, and the savings clause [of 28 U.S.C. § 2255(e)] does not apply." Id. The Eleventh Circuit concluded "that the district court lacked subject-matter jurisdiction to entertain Williams's § 2241 petition[.]" Id. In so doing, the Eleventh Circuit stated that, for a sentencing claim to proceed pursuant to § 2241, "the claim must be based upon a retroactively applicable Supreme Court decision" and "the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion." Id. at 1343 (citing Wofford, 177 F.3d at 1244). Strawter has not shown that there is a retroactively applicable Supreme Court decision allowing this Court to entertain his claims or that he was foreclosed on a previous occasion from making the same claims as he does in this petition.

Strawter also cites to Spencer v. United States, 727 F.3d 1076 (11th Cir. 2013), in support of his position. However, Spencer does not support Strawter's claims. The Eleventh Circuit held in Spencer "that a defendant who unsuccessfully raised a career offender issue at both sentencing and on direct appeal can use a timely-filed first motion under 28 U.S.C. § 2255 to pursue the same issue when an intervening case from the Supreme Court validates his argument and applies retroactively." 727 F.3d at 1080. Strawter has already filed a section 2255 motion, and Spencer is "not available for second and subsequent motions." Id. at 1091.

Strawter cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal

5

prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Strawter is doing nothing more than "attempting to use § 2241 . . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Strawter's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 18th day of November, 2013.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE