IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DERRICK STRAWTER,

    Petitioner,

v.

    CIVIL ACTION NO.: CV213-148

SUZANNE HASTINGS, Warden,

    Respondent.

## ORDER

Presently before the Court is Petitioner Derrick Strawter's ("Strawter") Motion for Reconsideration of the undersigned's Order dated July 15, 2014. In that Order, the undersigned adopted the recommendation of the Magistrate Judge, over Strawter's Objections, and granted Respondent's Motion to Dismiss. (Doc. No. 14). Respondent filed a Response.

Strawter contends that he was foreclosed on previous occasions from raising a claim that he should not be sentenced as a career offender because his conviction under Florida law for lewd and lascivious conduct is not a violent felony. It is immaterial whether Strawter was foreclosed by Eleventh Circuit Court of Appeals' precedent on a previous occasion from bringing this claim. As Respondent notes, Strawter's 262-month sentence under 21 U.S.C. § 841(a)(1) did not exceed the statutory maximum sentence under 21 U.S.C. § 841(b), and he does not satisfy all five (5) requirements of the Bryant decision to satisfy the savings clause of 28 U.S.C. § 2255. In Bryant, the Eleventh Circuit found:

AO 72A
(Rev. 8/82)

> To show his prior § 2255 motion was 'inadequate or ineffective to test the legality of his detention,' [a petitioner] must establish that (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent had specifically addressed [his] distinct prior state conviction that triggered § 924(e) and had squarely foreclosed [his] § 924(e) claim that he was erroneously sentenced above the 10-year statutory maximum penalty in § 924(a); (2) subsequent to his first § 2255 proceeding, the Supreme Court's decision in Begay [v. United States, 553 U.S. 137 (2008)], as extended by this Court to [the petitioner's] distinct prior conviction, overturned our Circuit precedent that had squarely foreclosed [his] § 924(e) claim; (3) the new rule announced in Begay applies retroactively on collateral review; (4) as a result of Begay's new rule being retroactive, [the petitioner's] current sentence exceeds the . . . statutory maximum authorized by Congress in § 924(a); <u>and</u> (5) the savings clause in § 2255(e) reaches his pure § 924(e)-Begay error claim of illegal detention above the statutory maximum penalty [authorized].

Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1274 (11th Cir. 2013) (emphasis supplied). Strawter must satisfy all five (5) of these requirements to obtain relief under Bryant, and Strawter fails to do so.

The undersigned notes Strawter's contention that Respondent raises an assertion for the first time in her response to his Motion—that his sentence is within the statutory maximum range. Respondent raises this issue as an answer to Strawter's assertion that he meets the Bryant requirements. As noted, Strawter has failed to meet all the requirements, and he is not entitled to his requested relief.

Strawter's Motion for Reconsideration is **DENIED**. The undersigned's Order dated July 15, 2014, shall remain the Order of the Court. This case shall remain closed.

**SO ORDERED**, this 24 day of August, 2014.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA